THE STATE, EX REL. BURNEM, *v.*
INDUSTRIAL COMMISSION OF OHIO.

(No. 83AP-1197—Decided
June 28, 1984.)

*Larrimer & Larrimer* and *Craig Aalyson,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Tyrone Yates,* for respondent.

WHITESIDE, J. By this original action in mandamus, relator, claimant Lee Burnem, seeks a writ of mandamus requiring respondent, Industrial Commission of Ohio, to vacate its order of October 20, 1983, affirming the order of the regional board of review denying his application for nursing services in connection with his industrial injury and to enter an order awarding payment for such nursing services.

Relator's industrial claim has been allowed for a laceration to his right leg and for a depressive anxiety neurosis resulting from such injury, and relator has been awarded permanent total disability compensation. In January 1982, relator filed an application for the payment of nursing services rendered to him by his wife.

In accordance with R.C. 4121.44(L), Ohio Adm. Code 4123-7-25(F) provides for payment of nursing services rendered by nonlicensed persons, including the claimant's spouse, "* * * where the claimant * * * is bedfast, confined to a wheelchair, has disability of two or more extremities which precludes the claimant from caring for own body needs, or otherwise unable to take care of own bodily functions." The rule further provides that the services may include "manual feeding, bathing, placing on bed pan, assisting in dressing of claimant or caring for a mentally incompetent claimant." In addition, the rule provides that: "As a general rule, nursing care shall not be approved if claimant is ambulatory unless claimant is mentally incompetent."

The application for nursing services stated:

"Patient is in a confused state much of the time and requires constant attention with regard to the administering of medicines as [*sic*] the proper time. At times it is necessary to assist him in bathing, shaving, etc., and other general nursing duties."

The application was accompanied by a certificate by a doctor in a form prescribed by the Bureau of Workers' Compensation stating that: "This is to certify that the above claimant's physical condition was such that the attention of a special nurse was required and that the condition was a result of injury." This certificate would not appear to meet the specificity requirements of

Ohio Adm. Code 4123-7-25(F), stating that a request for nursing services by a claimant's spouse "* * * must be supported by a report from claimant's attending physician describing in detail the type and nature of nursing services required and the reason thereof." However, the Industrial Commission did not deny the claim upon this basis. Instead, the commission stated in its order that the order of the regional board was affirmed because:

"* * * it is supported by proof of record, namely the evaluation of the Industrial Commission, Louella Garrett, R.N., dated 3-19-82 in conjunction with the report of the visiting nurse, who indicated claimant could possibly be trained for work in a sheltered work environment. The necessity for nursing care has not been proven."

Ohio Adm. Code 4123-7-25(H) anticipates an investigation by a nurse or other investigator, who shall make a home visit "to observe the actual situation."

The problem with the respondent commission's reliance upon the evaluation of nurse Garrett is twofold: First, she was not the nurse who made the home visit; and, secondly, she was not qualified to render a medical opinion or diagnosis, which is the manner in which it was treated by respondent commission.

R.C. 4723.06 specifically provides with respect to a registered nurse (R.N.): "Acts of medical diagnosis or prescription of medical, therapeutic, or corrective medical measures by a nurse are prohibited." While she would be qualified to give an opinion as to whether services being performed were those ordinarily performed by a registered nurse, Garrett was not qualified to make a medical diagnosis as to the type of medical care needed by relator, nor of the type of medical care that should be prescribed. In addition, Garrett's report inaccurately states: "There is no medical evidence in file to substantiate nursing fees for that period," despite the certificate from the attending physician that the nursing care was required. Except for a statement concerning a conversation with relator's wife on July 30, 1980, with respect to a leg brace, the report of Garrett is predicated solely upon a report of a home visit made by another nurse, whose findings were rejected by Garrett, she stating in her report:

"I note on the nurse's report that the claimant needs assistance in much of his personal hygiene. However, since his range of motion is good, I question the actual need for much of this assistance. * * *"

The report of the nurse who made the home visit, Shirley Mitchell, indicates that relator needs assistance not only with personal hygiene but also with dressing, "transfer," locomotion and medication, as well as with putting on and taking off his leg brace. Mitchell also indicates that relator's mentality is "that of a first grader," and that he "needs psychological assistance for depression," together with a comment of "possible training for work in a sheltered work environment." She also indicated that relator is operating at his maximum level of functioning, but his condition will deteriorate.

Not having personally made the home visit, Garrett's report is not independent evidence of relator's observable condition, except with respect to the telephone call in which relator's wife did not mention the need for nursing services. While Garrett could render a nursing, as opposed to a medical, opinion, if predicated upon the acceptance of the observations of Mitchell, her report cannot constitute independent evidence as to relator's actual condition and needs. At most, it could be considered a recommendation to the commission as to how to evaluate the evidence to the extent that Garrett was qualified and com-

petent to make such a recommendation, that is as to nursing, rather than medical, conclusions. However, Garrett concluded with the statement: "* * * if any nursing is required at this time, it is very little and probably due entirely to claimant's mental condition." As noted, however, the claim has been allowed for a mental condition of depressive anxiety neurosis. It would also appear that this would fall within the realm of medical, rather than nursing, expertise. Presumably, relator was not seeking payment for full-time service, the amount requested being fifteen dollars per day, although the actual time expended in nursing services is not indicated in the application.

In short, the order of the Industrial Commission does not state with specificity the evidence relied upon, the report of Garrett not constituting evidence supporting the order. On the other hand, as noted, the doctor's report does not meet that degree of specificity required by the rule, and it may well be within the province of the commission to require additional evidence before making a final determination that the nursing services are compensable pursuant to R.C. 4121.44(L), which requires the rules to "[p]rovide that a reasonable allowance for payment of nursing services is made to a spouse upon clear demonstration of the need for the services." As noted previously, the rule is Ohio Adm. Code 4123-7-25(F).

Under the circumstances, we must grant the requested writ to the extent that the order of October 20, 1983, denying the claim for nursing services, be vacated, thus requiring the Industrial Commission to reevaluate and redetermine the claim for nursing services predicated upon the evidence adduced and such additional evidence as may be required or presented pursuant to R.C. 4121.44(L) and Ohio Adm. Code 4123-7-25(F).

Accordingly, a writ of mandamus will issue ordering respondent Industrial Commission to vacate its order of October 20, 1983, denying relator's application for payment of nursing services to his wife and to redetermine that application predicated upon the evidence in the file and such additional evidence as may be presented to or required by respondent commission in connection with determination of the claim for nursing services.

*Writ granted.*

McCORMAC, P.J., and STILLMAN, J., concur.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.